UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

RUBY WHITE, )
 )
    Plaintiff, ) Civil No. 17-439-JMH
 )
v. )
 )
DEPARTMENT OF CHILD ) **MEMORANDUM OPINION**
PROTECTIVE SERVICES, ET AL., ) **AND ORDER**
 )
    Defendants. )

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Ruby White is a resident of Richmond, Kentucky. Proceeding without a lawyer, White filed a complaint in which she names Kentucky's Department of Child Protective Services and multiple social workers as defendants. [R. 1].

The Court will dismiss White's complaint because she has not demonstrated that the Court has subject matter jurisdiction over this action. After all, many of White's statements are unintelligible and, while White suggests that her claims arise under the Fourteenth Amendment, it appears that she is simply complaining about an ongoing child custody dispute. [R. 1 at 4-7]. The Sixth Circuit has repeatedly made it clear that "[f]ederal courts have no jurisdiction to resolve domestic relations disputes involving child custody." *Partridge v. State of Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992)); *see also Danforth v. Celebreeze*, 76 F. App'x

615, 616 (6th Cir. 2003) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). Thus, the Court lacks jurisdiction in this case.

Accordingly, it is hereby **ORDERED** as follows:

1. White's complaint [R. 1] is **DISMISSED** for lack of subject matter jurisdiction.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding judgment will be entered this date.

This 28th day of November, 2017.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge